**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**KATHERINE GUIDRY, et al.**                    **CIVIL ACTION**

**versus**                                      **No. 08-5185**

**TARGET CORPORATION**                          **SECTION: "I"/2**

## ORDER AND REASONS

Before the Court is plaintiffs' motion for conditional approval of a collective action under the Age Discrimination in Employment Act. For the following reasons, the motion is **DENIED.**

## BACKGROUND

Plaintiffs, Katherine Guidry ("Guidry"), Mary Sanders ("Sanders"), Henrietta Tillery ("Tillery"), and Anthony Wadja ("Wadja"), jointly filed a complaint in this Court against defendant, Target Corporation ("Target"), for alleged violations of the Age Discrimination in Employment Act and the Employment Retirement Income Security Act. Plaintiffs allege that a Target store located in Harvey, Louisiana "engaged in a 'blocker' policy" by either terminating its older employees or by forcing them to voluntarily resign.[1]

Plaintiffs seek to cumulate their claims individually and on behalf of similarly situated persons based on the "commonality of the claims."[2] The complaint sets forth particular violations with

---

[1] Rec. Doc. No. 1, para. 7.

[2] *Id.* at para. 2.

respect to each plaintiff, alleging that Target: forced 57-year-old Sanders to resign by adding to her responsibilities and making changes to her schedule without supplementing her pay,[3] forced 52-year-old Tillery to resign after assigning her less hours and giving her previous schedule to a younger employee,[4] terminated 63-year-old Wajda who would have been eligible for retirement benefits in approximately two years,[5] and terminated 55-year-old Guidry who would have been eligible for retirement benefits in approximately three years.[6]

With respect to exhaustion requirements, plaintiffs' complaint alleges that the United States Equal Opportunity Commission ("EEOC") "acknowledged that Plaintiff Katherine Guidry filed a charge of discrimination with the EEOC" and that the EEOC closed its investigation on September 29, 2008 without notice to Guidry[7]. The complaint further alleges that Guidry wrote a letter to the EEOC on December 8, 2008, advising that she had learned of similar activity toward other protected individuals and requesting that the EEOC investigate the claims of Sanders, Tillery and Wajda "under

---

[3]*Id.* at paras. 8-13.

[4]*Id.* at paras. 14-16.

[5]*Id.* at paras. 16-19.

[6]*Id.* at paras. 20-24.

[7]*Id.* at paras. 3-4.

the Single Filing Rule of the ADEA Section 7(d)."[8] On December 18, 2008, the EEOC declined to reopen the investigation.[9]

Plaintiffs filed this lawsuit on December 19, 2008 as a collective action. In March, 2009, plaintiffs filed this motion, seeking conditional approval of a collective action.

## **LAW AND ANALYSIS**

### **I. ADEA COLLECTIVE ACTION**

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to discriminate against an individual because of the individual's age. 29 U.S.C. § 623(a). While the ADEA creates a cause of action, a plaintiff may not file a lawsuit until sixty days after submitting a charge to the EEOC. 29 U.S.C. § 626(d)(1). Such requirement allows the EEOC to "promptly notify" employers and to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d)(2).

Through its incorporation of § 216(b)[10] of the Fair Labor Standards Act ("FLSA"), the ADEA permits an employee to commence an

---

[8]*Id.* at para. 5.

[9]*Id.*

[10]The FLSA provides:
>An action...may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for an in behalf of himself or themselves and others similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C. § 216(b).

3

action individually and on behalf of other employees who are similarly situated. It further authorizes courts to provide notice to the potential plaintiffs of a collective action. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 167-70, 110 S. Ct. 482, 484-87, 107 L. Ed. 2d 480 (1989)(citing 29 U.S.C. § 626(b)).

Unlike a class action, an ADEA collective or representative action requires that potential plaintiffs "opt-in" rather than "opt-out" of the action. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *rev'd on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003). As such, U.S. District Courts commonly follow a two-step ad hoc approach when determining whether plaintiffs are similarly situated and whether certification of a collective action is justified. *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007)(Fallon, J.)(citing *Mooney*, 54 F.3d at 1213-14); *Baroni v. Bellsouth Telecomms., Inc.*, No. 02-009, 2004 WL 1687434, at *9-10 (E.D. La. July 27, 2004)(Africk, J.); *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004)(Duval, J.)("It is clear that the two-step ad hoc approach is the preferred method for making the similarly situated analysis and the similarly situated standard does not incorporate Rule 23 requirements.").

The Fifth Circuit has explained the two-step test as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a

decision-usually based only on the pleadings[11] and any
affidavits which have been submitted -whether notice of
the action should be given to potential members.
Because the court has minimal evidence, this
determination is made using a fairly lenient standard,
and typically results in "conditional certification" of
a representative class. If the district court
"conditionally certifies" the class, putative class
members are given notice and the opportunity to "opt-in."
The action proceeds as a representative action throughout
discovery.

The second determination is typically precipitated by a
motion for "decertification" by the defendant usually
filed after discovery is largely complete and the matter
is ready for trial. At this stage, the court has much
more information on which to base its decision, and makes
a factual determination on the similarly situated
question. If claimants are similarly situated , the
district court allows the representative action to
proceed to trial. If the claimants are not similarly
situated, the district court decertifies the class, and
the opt-in plaintiffs are dismissed without prejudice.
The class representatives-i.e. the original
plaintiffs-proceed to trial on their individual claims.
Based on our review of the case law, no representative
class has ever survived the second stage of review.

*Mooney*, 54 F.3d at 1214.

In the event that potential plaintiffs have not exhausted their administrative remedies by submitting timely charges to the EEOC,[12] they may seek, pursuant to the "single filing rule," "to

---

[11]"'[C]ourts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8 (quoting *Sperling*, 118 F.R.D. 392, 407 (D.N.J. 1987)).

[12]"[A]n employee must file her charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct." *Hartz v. Admin. of Tulane Educ. Fund*, 275 Fed. App'x 281, 287 (5th Cir. 2008). Otherwise, "the employee may not challenge the alleged discriminatory conduct in court." *Id.*

5

piggyback on the EEOC complaint filed by another person who is similarly situated." *Mooney*, 54 F.3d at 1223. However, the Fifth Circuit has held that the single filing rule only applies if certain conditions are satisfied. *Id.* "First, the person attempting to piggyback must be similarly situated to the person who actually filed the EEOC charge. Second, the charge must provide notice of the collective action or class-wide nature of the charge." *Id.* (citations omitted); *see also Bettcher v. The Brown Schs., Inc.*, 262 F.3d 492, 494 (5th Cir. 2001).

Both the EEOC and the employer must be apprised of the collective nature of the charge. *Anson v. Univ. of Tex. Houston Sci. Ctr*, 962 F.2d 539, 541(5th Cir. 1992) ("Many courts require that the administrative charge give notice to the administrative agency and the defendant that the discrimination is class-wide."); *Mooney*, 54 F.3d at 1223; *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004)("A plaintiff who has not filed an individual EEOC charge may invoke the single-filing rule where such plaintiff is similarly situated to the person who actually filed an EEOC charge, and where the EEOC charge actually filed gave the employer notice of the collective or class-wide nature of the charge" (quoting *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 557 (11th Cir. 1997))); *Anderson v. Montgomery Ward Co.*, 852 F.2d 1008, 1016 (7th Cir. 1988)("In light of this litigation procedure, we believe it is necessary that the defendant at least be apprised

during the conciliation process of the possibility of a subsequent lawsuit with many plaintiffs."); *Kloos*, 799 F.2d at 400; *Naton v. Bank of California*, 649 F.2d 691, 697 (9th Cir. 1981). Otherwise, application of the single filing rule would undermine the notice and conciliation purposes of the requirement that plaintiffs file EEOC charges before initiating a lawsuit.[13] *Bettcher*, 262 F.3d at 495 n.3 (quoting *Zipes v. TWA*, 455 U.S. 385, 398, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982))("The single filing rule has, however, only been read to eliminate the need to file an EEOC charge when the purposes behind the charge-filing requirement have been met."); *Anson v. Univ. of Tex. Houston Sci. Ctr*, 962 F.2d 539, 541 (5th Cir. 1992)("[T]he purpose of an administrative charge is to allow the agency to negotiate an end to the alleged unlawful practice and also to alert the employer as to its exposure." (citing *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400 (8th Cir. 1986))); *Anderson*, 852 F.3d at 1017 ("This notification is necessary in order to satisfy Congress' express desire that the defendant understand, during the conciliation stage, the magnitude of his potential liability."). "As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking." *Mooney*, 54

---

[13]"The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)

F.3d at 1223.

In adopting the rule of other circuits that the employer must receive notice, the Fifth Circuit found the following "instructive":

> Failure to require some notice of class claims in the charge would require employers to treat all individual charges as potential class actions. This consequence is of particular significance in the age discrimination area, where every employed person over the age of forty is a potential plaintiff. The charge filing provision limits the chances for the filing of suits based on subsequent motivations or reassessments.

*Anson*, 962 F.2d at 543 (quoting *Kloos*, 799 F.2d at 400).

## II. **DISCUSSION**

Plaintiffs request that this Court conditionally approve a collective action on the ground that the named plaintiffs "were together the victims of a single decision, policy or plan infected by discrimination."[14] Plaintiffs allege that Target engaged in a policy of eliminating older employees, before they could realize retirement benefits, by either terminating them or forcing them to voluntarily resign. The Court, however, need not reach plaintiffs' allegations that they and others are similarly situated and need not determine whether others may opt in as there is no indication that plaintiffs gave Target notice of the collective nature of their claims prior to filing this lawsuit on December 19, 2008.

Plaintiffs' complaint alleges that Guidry exhausted her

---

[14]Rec. Doc. No. 9-2, p. 8.

administrative remedies by filing a charge with the EEOC and, in their memorandum, plaintiffs allege that Guidry did so "on behalf of herself."[15] Plaintiffs' argument that Guidry "amended" her charge when her attorney sent the EEOC a letter by facsimile on December 8, 2008 stating that Guidry "has learned of similar activity toward other protected individuals" and alleging Target's unlawful treatment of Wajda, Sanders, and Tillery is unavailing.[16] The EEOC had closed Guidry's case more than two months earlier when it issued a "Dismissal and Notice of Rights" letter.[17] *See Riley v. Am. Family Mutual Ins. Co.*, 881 F.2d 368, 371 (7th Cir. 1989)("[W]here the EEOC has issued a right to sue letter, its review of the charge is terminated.") Moreover, the EEOC declined to reopen the case, and there is no evidence that the EEOC sent notice of an amended charge or other notice of the collective nature of Guidry's claim to Target.[18]

Additionally, there is no indication that Target ever received

---

[15]*Id.* at p. 4.

[16]Rec. Doc. No. 19-5, pp. 48-57.

[17]*Id.* at p. 14. Whether or not Guidry received notice that her case had been closed is not relevant to the issue before the Court because the EEOC had ended its investigation well before she notified the agency of the collective nature of her claim and her lack of receipt does not change that fact. Even had Guidry timely received a right to sue letter, she would have had to amend her charge before the EEOC issued the letter advising that the case was dismissed.

[18]*Id.* at p. 47. An EEOC representative stated in a December 18, 2008 email to Guidry and her counsel that he would request that the EEOC's intake supervisor open cases for the three individuals identified in Guidry's letter and that notice would then be sent to Target. A Target representative was not copied on the email. Plaintiffs filed this lawsuit the next day. *Id.*

9

the December 8 letter. Plaintiffs submit a confirmation that the letter was sent by facsimile to three EEOC representatives,[19] but they do not submit confirmation that the letter was also sent to Target. The letter, itself, is addressed to Keith Hill of the EEOC and the letter indicates that a copy was also sent to John Berendsen of the EEOC.[20] In *Kloos*, the Eighth Circuit held that a letter that plaintiff's counsel sent to the administrative agency after his case was closed and which was similarly not forwarded to the defendant-employer, "did not constitute adequate notice of the class claims." 799 F.2d at 401.

In the absence of notice to Target that Guidry's claim was collective in nature, Guidry's charge is not one upon which others may piggyback or rely for purposes of joining a collective action.[21] Moreover, plaintiffs have not alleged that anyone other than Guidry has properly exhausted administrative remedies.[22] Without a plaintiff who has administratively exhausted the collective nature

---

[19] *Id.* at pp. 48-50.

[20] *Id.* at pp. 54-57.

[21] Target also argues that Guidry's charge is defective because she failed to verify any of her EEOC filings under oath or the penalty of perjury and that her intake questionnaire fails to assert that she was discharged, only that her request for time off was denied.

[22] Plaintiffs allege in a footnote that Sanders, Tillery, and Wajda "have subsequently filed complaints with the EEOC on behalf of a class of affected individuals." Rec. Doc. No. 9-2, p. 6. However, these questionnaires and charges were filed in January, 2009 and February, 2009, after this lawsuit was commenced in December, 2008. Rec. Doc. No. 15-4; Rec. Doc. No. 15-5; Rec. Doc. No. 24-3; Rec. Doc. No. 24-4; Rec. Doc. No. 25, p. 3. Target, therefore, did not have notice of the collective nature of the claims before the lawsuit was filed. Nor was there an opportunity for conciliation of the collective claims prior to the filing of this lawsuit.

of the ADEA claim, it would be futile and a waste of resources for the Court to certify a collective action, send notice, and allow for a period for putative plaintiffs to opt in. Accordingly,

**IT IS ORDERED** that the motion for conditional approval of an ADEA collective action is **DENIED**.

New Orleans, Louisiana, June 5th, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**